F I L E D
CLERK OF COURT

2025 JAN 10 PM 3: 08

SUPERIOR COURT
OF GUAM

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>v.<br><br>KAIRON FAREWAY<br>(*aka* KAIRON FAREWEY)<br>(*aka* KAIRON FARAWAY),<br>DOB: 02/26/1985<br><br>Defendant. | Criminal Case No. CF0338-21<br>GPD Report No. 21-16419<br>Criminal Case No. CF0427-21<br>GPD Report No. 21-20879<br>Criminal Case No. CF0458-22<br>GPD Report Nos. 21-27534 / 22-17575<br><br><br>DECISION AND ORDER<br>GRANTING<br>THE PEOPLE'S MOTION<br>TO REVOKE PROBATION |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 3, 2025 for a Revocation Hearing in the above-captioned matters related to Kairon Fareway's (*aka* Kairon Farewey's) (*aka* Kairon Faraway's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General William Stamps. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting the People's Motion to Revoke Probation.

## BACKGROUND

On November 30, 2022, Defendant entered a deferred plea of guilty to Family Violence (as a 3rd Degree Felony) in CF0338-21, Disorderly Conduct (as a Petty Misdemeanor) in CF0427-21, and Family Violence (as a Misdemeanor) in CF0458-22. See Judgment of Conviction (Dec. 5, 2022). A judgment was entered imposing the following relevant conditions of probation:

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and

Decision and Order Granting the People's Motion to Revoke Probation
CF0338-21 & CF0427-21 & CF0458-22, *People of Guam v. Kairon Fareway*
Page 1 of 6

assessment. Defendant shall follow all treatment recommendations, including program attendance at Guam Behavioral Health and Wellness Center (GBHWC) programs if recommended by CSFC. Defendant is responsible for all treatment costs, and may convert the amount owed to community service hours.

- **FINE:** Defendant shall pay a fine of two thousand dollars ($2,000.00) plus court costs of eighty dollars ($80.00). All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.

- **COMMUNITY SERVICE:** Defendant shall complete one hundred fifty (150) hours of community service under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

- **NO DRUGS:** Defendant shall not possess or consume any illegal controlled substances or marijuana.

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

Id.

On July 27, 2023, a Violation Report was filed informing the Court that Defendant had been arrested and charged with Family Violence (as a 3rd Degree Felony) and Family Violence (as a Misdemeanor) in CF0418-23. See First Violation Report (Jul. 27, 2023). The victim in that case was the same victim of Defendant's family violence convictions in the above-captioned cases. Id. Defendant would ultimately be convicted of Family Violence (as a Misdemeanor) following his guilty plea. See CF0418-23 Judgment of Conviction (Feb. 8, 2024). The Court was also informed that Defendant hadn't been attending his required counseling/treatment sessions at New Beginnings, hadn't made any progress on completing his community service hours, and still hadn't paid off any of his fine or court costs yet. See First Violation Report (Jul. 27, 2023).

Decision and Order Granting the People's Motion to Revoke Probation
CF0338-21 & CF0427-21 & CF0458-22, *People of Guam v. Kairon Fareway*
Page **2** of 6

On February 20, 2024, another Violation Report was filed. The Court was informed that Defendant had tested positive for methamphetamine usage at his recent drug test. See Second Violation Report (Feb. 20, 2024).

On April 17, 2024, another Violation Report was filed. The Court was informed that Defendant had again tested positive for methamphetamine usage. See Third Violation Report (Apr. 17, 2024). This is the second time that Defendant has tested positive for methamphetamine usage since entering probation.

On May 8, 2024, another Violation Report was filed. The Court was informed that Defendant had again tested positive for methamphetamine usage during his recent drug test. See Fourth Violation Report (May 8, 2024).

On May 17, 2024, another Violation Report was filed. The Court was informed that Defendant had again tested positive for methamphetamine usage during his recent drug test. See Fifth Violation Report (May 17, 2024). This is the fourth time that Defendant has tested positive for methamphetamine usage since entering probation.

On June 6, 2024, another Violation Report was filed. The Court was informed that Defendant hadn't been reporting to the Adult Probation Office as required. See Sixth Violation Report (Jun. 6, 2024).

A Further Proceedings date was scheduled in this court for June 12, 2024. However, Defendant failed to appear and a bench warrant was issued for his arrest. See Minute Entry (Jun. 12, 2024); Bench Warrant (Jun. 14, 2024).

On June 28, 2024, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's non-compliance with numerous probation conditions. See Motion (Jun. 28, 2024). Opposing the Motion, Defendant claims he retains the ability to complete the terms of his probation if given another chance. See Opposition to Motion (Dec. 4, 2024).

On January 3, 2025, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Jan. 3, 2025).

## DISCUSSION

Decision and Order Granting the People's Motion to Revoke Probation
CF0338-21 & CF0427-21 & CF0458-22, *People of Guam v. Kairon Fareway*
Page 3 of 6

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Since entering probation, Defendant has committed Family Violence (as a Misdemeanor) against the same victim in the above-captioned cases.

Decision and Order Granting the People's Motion to Revoke Probation
CF0338-21 & CF0427-21 & CF0458-22, *People of Guam v. Kairon Fareway*
Page 4 of 6

Defendant also admitted to using methamphetamine on four different occasions since entering probation. Furthermore, Defendant has made no progress on paying off his fines and court costs, or working off his community service hours.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, Defendant has exhausted the trust of the Court by violating numerous probationary conditions. Defendant repeatedly violated the same probationary conditions over and over again as he consumed methamphetamine. Defendant also disobeyed numerous court orders, including orders to obey the laws of Guam, and orders to appear at scheduled court hearings. Defendant's conviction in CF0418-23 is especially concerning given that Defendant's probation was originally imposed for having committed Family Violence against that same victim.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matters. The Defendant is hereby **SENTENCED** to **one (1) year incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of Defendant's sentence the Court shall close the above-captioned cases.

January 10, 2025

**IT IS SO ORDERED** this _____.

Decision and Order Granting the People's Motion to Revoke Probation
CF0338-21 & CF0427-21 & CF0458-22, *People of Guam v. Kairon Fareway*
Page 5 of 6



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

_AG , PMSC_

Date: 4/10/25 Time: 3:17p

Antonio A Cruz

Deputy Clerk, Superior Court of Guam

Decision and Order Granting the People's Motion to Revoke Probation
CF0338-21 & CF0427-21 & CF0458-22, *People of Guam v. Kairon Fareway*
Page **6** of **6**